UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS - 6

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-3748 ABC (AJWx) | Date | June 16, 2008 |
|---|---|---|---|
| Title | United States v. John G. Westine, Jr. | | |

| Present: The Honorable | Audrey B. Collins | |
|---|---|---|
| Daphne Alex | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   ORDER RE: Defendant's Motion for Summary Judgment (In Chambers)

     Pending before the Court are multiple filings by pro se Plaintiff John G. Westine ("Westine") with varying captions, including summary judgment, "Petition and Complaint in Affidavit," and, most recently, judgment on the pleadings.  The government filed a consolidated opposition on April 25, 2008.  As discussed below, this case is nothing more than a successive meritless petition under 28 U.S.C. § 2255.  The Court DENIES Westine's motions and DISMISSES this case WITH PREJUDICE.  Westine is ORDERED to cease filing any further documents in this case and the Court Clerk is ORDERED to close this matter.

     Westine commenced this action on June 15, 2006 as one more petition in a series of several § 2255 and habeas corpus challenges to his 1991 criminal conviction and subsequent incarceration.  Although the instant action was allegedly brought under 28 U.S.C. §§ 1361 (mandamus) and 1391(a) (venue for action brought against a government official), the substance of Westine's nearly unintelligible filings is another challenge to his criminal sentence imposed upon him in a 1990 criminal case, Case No. CR 90-263, before Judge Real in this district.

     Westine is a serial filer of § 2255 petitions challenging his 1991 conviction.  For example:

- Westine filed a § 2255 petition in 1995 with a document entitled "Memorandum re: Notice of Statistical Adjustment," which was denied one month later.

- In 1996, Westine again filed a § 2255 petition that was also denied.

- Westine filed another § 2255 petition in 2001.  That petition was denied in a May 2, 2001 order that noted that Westine had already "filed six previous motions on essentially the same grounds alleged" in the pending petition.  Westine's attempt to appeal that ruling was denied because it was a successive § 2255 petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3748 ABC (AJWx) | Date | June 16, 2008 |
|---|---|---|---|
| Title | United States v. John G. Westine, Jr. | | |

- Westine filed another § 2255 petition in 2004 labeled first as a habeas writ, then as a coram nobis, and then as a motion "to reopen to obtain vacatur of a void judgment." It was denied.

- In 2006, Westine filed yet another § 2255 petition labeled as a habeas writ. In denying it, the court noted that it was his sixth motion challenging his conviction and he did not obtain permission to file a seventh one.

- In early 2007, Westine filed four successive motions, all of which were in essence § 2255 petitions. The court dismissed of each of those matters, noting that "it appeared [Westine] has overstayed his status as a vexatious litigant."

Like all the previous motions, the pending petition is yet another one brought pursuant to § 2255 to challenge to his conviction in Case No. CR 90-263.[1]

A "second and successive" petition under § 2255 may only be brought after obtaining permission from the court of appeals to do so. 28 U.S.C. § 2255; Ninth Cir. R. 22-3(a). The pending petition raises identical issues as Westine's prior motions and he did not obtain permission, so his petition must be denied and this case dismissed. See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

Even if Westine did seek permission, he would not have received it. To obtain permission for a successive § 2255 petition, Westine must establish: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §§ 2255, 2244; United States v. Villa-Gonzalez, 208 F.3d 1160, 1164 (9th Cir. 2000). To the extent the Court can discern any claims at all from Westine's many filings, he alleges no new facts or new constitutional rules that would warrant permission to file a new § 2255 petition. In fact, Westine omits cites to any law, let alone new law. His successive petition is barred.

The Court DENIES Westine's § 2255 petition and DISMISSES this case WITH PREJUDICE. The Court ORDERS Westine not to file any other documents in this case and ORDERS the Court Clerk to close this matter.

---

[1] Some of Westine's prior motions were explicitly labeled as § 2255 petitions. Others were not, but prior courts informed him that they would treat the motions as § 2255 petitions, so nothing precludes the Court from recharacterize his petition here as brought pursuant to § 2255. Cf. Castro v. United States, 540 U.S. 375, 382-83 (2003) (holding that a court may recharacterize a § 2255 motion with a warning and a chance for a pro se litigant to withdraw the motion).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS - 6
## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-3748 ABC (AJWx) | Date | June 16, 2008 |
| Title | United States v. John G. Westine, Jr. | | |

**IT IS SO ORDERED.**

 :

Initials of Preparer        DA